## APPEAL OF CRYSTAL PAPER CO.

Docket No. 622.   Submitted May 11, 1925.   Decided September 9, 1925.

> Certain promissory notes given by its tenant and accepted by the taxpayer on or about December 31, 1921, for past due rent and later, under an adjustment between the taxpayer and its tenant made on or about May 1, 1922, under which adjustment said notes were canceled and destroyed, *held* not to have been bad debts deductible from gross income for the year 1921.

*C. A. Gano, C. P. A.*, and *Lawrence H. Willig, C. P. A.*, for the taxpayer.

*Robert A. Littleton, Esq.*, for the Commissioner.

Before TRUSSELL and LITTLETON.

This is an appeal from the determination of a deficiency in income and profits tax for the year 1921 in the amount of $97.03. The deficiency was asserted by the Commissioner in a letter covering an audit of the year 1921 and prior years in which overassessments were found. The issue presented at the hearing concerns only the taxable income for the year 1921. The Commissioner filed an answer to the petition and also a motion for dismissal on the ground of lack of jurisdiction. Arguments on the motion were heard on March 2, 1925. The motion was denied by formal order, and the appeal restored to the day calendar for a hearing on the merits.

## FINDINGS OF FACT.

The taxpayer is a corporation organized under the laws of the State of Ohio, with its principal office and place of business at Middletown, and up to June 30, 1920, it was engaged in the manufacture of tissue paper.

For the calendar year 1921 the taxpayer made an income and profits tax return in which it showed net income of $67,988.69, invested capital in the amount of $497,039.73, and computed tax liability in the amount of $11,338.47, of which latter amount the March and June installments were paid. On or about July 19, 1922, the taxpayer filed an amended return for the calendar year 1921, in which it deducted $25,000 from net income as a bad debt and thus showed a tax liability in the sum of $4,582.16. It thereupon filed a claim for refund of $1,287.06 and a claim for abatement of $6,-669.21, each being a part of the total tax liability shown on its original return.

On or about July 1, 1920, taxpayer entered into an agreement with the Crystal Tissue Co., a corporation, whereby the plant and property of the taxpayer were turned over to and were to be operated by the Crystal Tissue Co. for a period of 30 months, at a monthly rental of $10,000, with the privilege of purchase at the end of that period.

On December 31, 1921, the lessee, the Crystal Tissue Co., owed the taxpayer $25,000, past due rental, and on that date the taxpayer accepted five demand notes of $5,000 each, executed by lessee on said date, and such notes were entered on the books of the taxpayer as an asset. At a meeting of the board of directors of the taxpayer company, held May 1, 1922, a resolution was passed by the board authorizing an entry upon the books of the taxpayer company as of December 31, 1921, writing off these five $5,000 demand notes. The resolution adopted follows:

Whereas there were five demand notes of $5,000.00 each issued by The Crystal Tissue Company, standing as an asset at December 31st, 1921, on the books of The Crystal Paper Company, and

Whereas at date of closing fiscal year ended December 31st, 1921, it was a matter of great doubt whether these notes would ever be paid in view of the then financial condition of The Crystal Tissue Company, and

Whereas developments so far in the year 1922 have made evident the fact that enforcement of the payment of these notes could not possibly have been made at December 31st, 1921, and that The Crystal Tissue Company cannot now continue to pay the rental required under the lease of July 1st, 1920, and a proposition being now under consideration to cancel the present lease and to prepare a new lease to make possible the continuation of the operation of The Tissue Company as lessee,

Now, therefore, be it resolved that having practically certain knowledge at December 31st, 1921, that the aforesaid five notes of $5,000.00 each of The

Crystal Tissue Company would never be paid, we were in error at that date in permitting them to stand as a collectible asset, and they should have been written off, or the rental they represented should not have been included in the income of 1921, and it is ordered that an entry be put upon the books of The Crystal Paper Company as of December 31st, 1921, writing off these notes as uncollectible at that date in accordance with the provision of Section 214 of the 1921 Act.

After the adoption of the above resolution by the board of directors, the five $5,000 demand notes referred to were canceled and destroyed and a new lease was entered into between the taxpayer and the Crystal Tissue Co. providing for a monthly rental of $5,000, beginning as of January 1, 1922.

On or about July 19, 1922, taxpayer filed an amended return for the year 1921 and reduced net income by $25,000, the amount of the unpaid notes, calling them bad debts. No action or proceeding of any kind had been taken by taxpayer to force collection or payment upon these demand notes, and no evidence has been submitted showing that such notes could not have been collected, but, on the contrary, the evidence clearly establishes the fact that the Crystal Tissue Co. continued in business and was in good financial standing during the year 1922 and subsequent years.

DECISION.

The determination of the Commissioner is approved.

ARUNDELL not participating.